UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY BUCKLEY,

　　　　Plaintiff,

v.

CASE No. 8:09-CV-2529-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

　　　　Defendant.

_____

## O R D E R

　　　　The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[*]　Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

I.

　　　　The plaintiff, who was thirty-seven years old at the time of the hearing and who has some college education, has worked pertinently as a data entry clerk, and customer service representative (Tr. 110-16).　She filed

_____

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

claims for Social Security disability benefits and supplemental security

income payments. The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing

before an administrative law judge. The law judge found that the plaintiff had

severe impairments of degenerative disc disease, arthritis, chronic low back

pain, neck pain, myofascial pain syndrome, and lumbar facet arthropathy (Tr.

13). He concluded that these impairments limited the plaintiff to a wide range

of light work as follows (Tr. 15):

> She can lift and carry 20# occasionally and 10#
> frequently. She can sit, stand and walk 6 hours in
> an 8 hour day. She has no limitations in her ability
> to push-pull with hand and foot controls. She has
> no manipulative, visual, or communicative
> limitations. She can occasionally crouch, crawl,
> stoop, and should avoid concentrated exposure to
> extreme cold, humidity, vibrations, ladders and
> heights. She can hear, understand, remember and
> carry out simple routine and complex work
> instructions, and can appropriately interact with the
> general public, co-workers and supervisors.

The law judge determined that, despite her limitations, the plaintiff could

return to past work as a customer service representative and a data entry clerk

(Tr. 19). Accordingly, the law judge decided that the plaintiff was not

disabled (id.).  The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

A.  In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3), 1382c(a)(3)(D).  The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

-4-

legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. <u>See</u> 20 C.F.R. 404.1520, 416.920. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c), 416.920(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a), 416.921(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c), 416.920(c).

When an impairment is severe, but does not meet, or equal, a listing in Appendix 1 (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f), 416.920(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in significant numbers in the national economy. 20 C.F.R. 404.1520(g), 416.920(g). In such cases, the regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is

-5-

disabled. These factors are codified in tables of rules, known as "guidelines" or "grids," that are appended to the regulations. 20 C.F.R. Part 404, Subpart P, Appendix 2.

### III.

The plaintiff testified that, if it were not for her back, she would be able to work (Tr. 32). The law judge recognized that the plaintiff had severe back and neck impairments (Tr. 13). He concluded, however, that, despite these and other severe impairments, the plaintiff had the residual functional capacity to perform a wide range of light work (Tr. 15). The law judge determined further that the plaintiff could return to past work as a customer service representative and a data entry clerk (Tr. 19).

The plaintiff has not challenged any of these findings. In light of the scheduling Order, which directed the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" (Doc. 15, p. 2), any challenge to those findings is deemed abandoned.

The plaintiff's sole contention is that "the Commissioner failed to find the claimant's hypertension, headaches, depression, and morbid obesity as severe impairments" (Doc. 22, p. 2). Notably, the law judge

-6-

expressly considered the plaintiff's complaints of obesity, hypertension, anxiety, and depression and explained why they are nonsevere impairments (Tr. 13-14, 18).

The regulations define a nonsevere impairment as one that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1521(a), 416.921(a). The plaintiff points out that the court of appeals has stated that "an impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). Notably, the law judge acknowledged this principle in his decision (Tr. 13). Regardless of the alternate formulation, the standard set out in the regulations, and the one I will apply, is that a nonsevere impairment does not significantly limit a claimant's ability to do work activities. See Dixon v. Barnhart, 151 Fed. Appx. 810, 812 (11th Cir. 2005)(unpub. dec.) (the claimant "did not have a severe impairment because he was not significantly limited by a physical or mental impairment").

As the Commissioner correctly points out, the plaintiff cannot prevail on her challenge simply by showing that the law judge should have characterized her impairments of hypertension, headaches, depression, and morbid obesity as severe impairments, rather than nonsevere impairments. Because the law judge found that the plaintiff has severe impairments, he did not stop prematurely at step two of the sequential analysis, but proceeded on to step four pertaining to past work. See Maziarz v. Secretary of Health & Human Services, 837 F.2d 240, 244 (6th Cir. 1987). Therefore, in order to demonstrate reversible error, the plaintiff must show that, due to these impairments, whether classified as severe or nonsevere, she had functional limitations that should have been included in the law judge's finding of the plaintiff's residual functional capacity.

In this respect, "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient; instead, the claimant must show the effect of the impairment on her ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005)(unpub. dec.)(quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)). Consequently, it is the functional limitations from an

-8-

impairment, not just the diagnosis of an impairment, that is determinative of disability.

The plaintiff asserts that "the medical evidence reveals that the plaintiff has been diagnosed with hypertension and has consistently complained of headaches throughout the period at issue" (Doc. 22, p. 6). As indicated, the fact that the plaintiff has been diagnosed with hypertension is not determinative of a claim of disability. Moreover, as the law judge noted (Tr. 18), the plaintiff has had normal blood pressure ratings (see Tr. 86 (110/70), Tr. 87 (120/82), Tr. 90 (100/68), Tr. 92 (120/66)). The law judge pointed out further that the plaintiff's "treating physicians have not indicated limitations resulting from this impairment" (Tr. 18), and the plaintiff has not shown otherwise.

The only symptom the plaintiff attributes to hypertension is headaches. However, it is not correct to say that the plaintiff "has consistently complained of headaches throughout the period at issue" (Doc. 22, p. 6). Although the plaintiff cites to four medical records in support of that assertion (id.), the first two (Tr. 103, 104) were from many months before the alleged disability onset date of September 8, 2006. Further, the fourth record followed a motor vehicle accident and the headaches were described

-9-

as post-traumatic headaches (Tr. 200); the headaches, which were said to be improving in the last medical record (Tr. 224), were not attributed to hypertension. In thirteen progress notes from the plaintiff's primary care physician during the relevant period (see Tr. 83-102), the plaintiff only complained of headaches once, and the plaintiff's blood pressure at that time was 136/70 (Tr. 88).

In sum, the evidence does not compel a finding that the plaintiff's hypertension was a severe impairment. Adefemi v. Ashcroft, supra. Moreover, it also does not compel a finding that the plaintiff's headaches, whether caused by hypertension or something else, imposed any functional limitations.

The plaintiff also complains that the law judge failed to recognize that the plaintiff's depression and anxiety were severe impairments. The law judge assessed those conditions at length (Tr. 13-14). He determined that they caused only a mild restriction in activities of daily living; mild difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence, or pace; and no episodes of decompensation (Tr. 13). Accordingly, he concluded that the plaintiff's mental impairments are nonsevere (Tr. 14).

The plaintiff has not challenged the law judge's findings of only mild deficiencies in the areas of activities of daily living, social functioning, and concentration, persistence, or pace, and no episodes of decompensation. In light of these unchallenged findings, the law judge could reasonably conclude that the plaintiff's mental impairments were nonsevere.

The law judge's conclusion is supported by the report of a reviewing nonexamining psychologist who opined that the plaintiff's mental impairments were nonsevere (Tr. 151). Notably, no treating or examining psychiatrist or psychologist stated a contrary opinion.

The plaintiff speculates that she may be unable to work due to stress (Doc. 22, p. 7). There is no basis in the evidence for that suggestion. To the contrary, the evidence shows that she worked as a customer service representative for several months in 2008. She stopped working because of the physical demands of the job (Tr. 27). She did not testify that stress, or any other mental functional limitation, prevented her from working. In fact, she indicated that, if it was not for her back, she would be able to continue that type of work (Tr. 32).

The evidence therefore clearly supports the law judge's finding that the plaintiff's mental impairments were nonsevere.

-11-

Finally, the plaintiff contends that the law judge should have found that her obesity was a severe impairment. With respect to that condition, the law judge stated the following (Tr. 18):

> As to her obesity, at the hearing, she testified that she was 5'2" and weighed 275 lbs., but did not specify any significant problems attendant thereto. Furthermore, no treating physician has indicated limitations resulting from obesity. There is no objective evidence that the claimant's obesity or hypertension impose any significant limitations.

The plaintiff has made no attempt to show that these statements are not correct. Therefore, the plaintiff has failed to show that the evidence compels a finding that the plaintiff's obesity is a severe impairment.

Furthermore, even if the law judge had erred in concluding that the plaintiff's obesity was a nonsevere impairment, that would not establish reversible error. As previously explained, to make such a showing, the plaintiff would have to demonstrate that she had functional limitations from her obesity in addition to those set forth in the law judge's finding of the plaintiff's residual functional capacity. The law judge had already found that the plaintiff was restricted to a range of light work. The plaintiff has not even articulated any additional limitations that are purportedly caused by her

obesity, much less pointed to evidence in the record that compels a finding of such limitations.

In sum, the law judge did not err in finding that the plaintiff's obesity was a nonsevere impairment.  Moreover, even if he had, that error would not support reversal.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby AFFIRMED.  The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this ⁄ 7 ᵗʰ day of November, 2010.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

-13-